FILED

OCT 17 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SUNITA PATEL, | No. 12-16634 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-01489-NVW |
| v. | |
| MARICOPA COUNTY; JOSEPH M. ARPAIO; DAVID HENDERSHOTT; BRIAN SANDS; DAVID TROMBI; CHAD BRACKMAN; GARY MCGUIRE, individually and in their official capacities; AVA ARPAIO; ANNA HENDERSHOTT; JANE DOE BRACKMAN; JANE DOE MCGUIRE, individually; JOHN AND JANE DOES, 1-8 (whose identities are unknown but who are known to be Deputies and/or supervisory personnel of the Maricopa County Sheriff's Office, individually and in their official capacities, | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Argued and Submitted October 8, 2014

---

&ast; This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Phoenix, Arizona

Before: D.W. NELSON, SILVERMAN, and M. SMITH, Circuit Judges.

Sunita Patel appeals the district court's order granting summary judgment in favor of Maricopa County and six individual Maricopa County Sheriff's Office deputies and officials. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The district court did not err in granting summary judgment to the Defendants-Appellees. Under the totality of the circumstances known to the Deputy McGuire at the time of the arrest, a reasonable officer would believe that he or she had probable cause to arrest Patel for willfully failing to comply with Lieutenant Brackman's order to "clear the driveway." Thus, the district court did not err in finding, as a matter of law, that Deputy McGuire had probable cause to arrest Patel.

As there was probable cause to arrest Patel for willfully failing to comply with an official order, the Court need not address qualified immunity or whether Deputy McGuire also had probable cause to arrest Patel for recklessly interfering with traffic on a public thoroughfare or highway. *Torres v. City of Los Angeles,* 548 F.3d 1197, 1207 (9th Cir. 2008). In addition, Patel's *Monell* and supervisory liability claims fail as there was no underlying constitutional violation.

2

The district court did not err in granting summary judgment in favor of Defendants-Appellees on all of Patel's claims.

**AFFIRMED**